IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RANDY CLENDENING, PAUL KLIKNO,
EMMA THOMPSON, LATOYA THOMAS,
BRYAN GARY, PATRICK HARRIS, CARL
HARRIS, LAURYNE KERR, DEBORAH
THOMPSON, STEVE CAMPBELL, DAWN
BRYANT, JOHN PIKE, GRESS WESSMAN,
GREG WALL, and KEVIN BRUCE, on behalf
of themselves and all others who consent to
become Plaintiffs and similarly situated
employees,

        Plaintiffs,

v.

KRAFT FOODS GLOBAL, INC., Cadbury
Division f/d/b/a CADBURY ADAMS USA LLC;
And CADBURY SCHWEPPS, AMERICAS
BEVERAGES, and CADBURY ADAMS,

        Defendants.

Case No. 11 CV 4540

## DECLARATION OF SARAH E. SISKIND

Sarah E. Siskind declares as follows:

1. I am a partner at the Chicago/Madison litigation firm of Miner Barnhill & Galland, P.C. (MBG), served as co-counsel with the Lawton & Cates firm to the plaintiffs in this matter, and submit this declaration in support of plaintiffs' petition for attorneys fees under the settlement of this case.

2. As the attached curricula vitae reflect (Exs. A & B), my partners and I have extensive experience litigating labor-related class actions. Having worked with lead counsel from Lawton & Case in previous matters -- including a wage and hour class action against Kraft in the Western District of Wisconsin based federal and state (Wisconsin) "donning and doffing" claims similar to the federal and

Illinois claims in the present case – MBG worked with Lawton & Case in developing and (if only briefly) litigating the present case.

3. Since, given their experience litigating and then settling the Wisconsin case, the parties were able to evaluate the claims and defenses at an early stage and reach the settlement now before the Court. MBG's contribution to the Illinois litigation focused primarily on the initial framing of the case, client meetings, drafting the pleadings, and research directed to alternative theories for pursing various Illinois claims, anticipated affirmative defenses, venue, and ethical questions regarding pre-class certification communication with putative class members. As Jim Olson's submission details, Lawton & Cates took the lead on settlement.

3. MBG's total hours – all purely contingent -- are included in the summary charts set out in Jim Olson's declaration. They are based on contemporaneous time records describing the dates and hours worked and the tasks performed (Ex. C). Multiplied by the firm's current regular rates (Ex. D), the MBG portion of the combined lodestar for this case (exclusive of the enhancement requested above lodestar) is $50,864.

Declared under penalty of perjury pursuant to 28 U.S.C. §1746 this 16th day of May, 2011.

_____
Sarah E. Siskind